```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

REGINALD BURRELL,              *
(AIS: #201704)                 *
                               *
     Petitioner,               *
                               *
vs.                            *  CIVIL ACTION NO.13-00242-KD-B
                               *
CHERYL PRICE,                  *
                               *
     Respondent.               *
```

## Report and Recommendation

Reginald Burrell, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R) and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Burrell's petition, Respondent's answer, and Burrell's response and amended response, the undersigned finds that Burrell's petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is recommended that Burrell's habeas petition be

dismissed as time-barred, that judgment be entered in favor of Respondent and against Petitioner, Reginald Burrell, pursuant to 28 U.S.C. § 2244(d), and that Burrell be denied the issuance of a certificate of appealability, as well as *in forma pauperis* status in the event of an appeal.

## I. DISCUSSION

Burrell was indicted on January 21, 2000, on five counts of robbery in the first degree in Mobile County Circuit Court. (Doc. 11-1 at 3). On April 5, 2000, Burrell entered a blind plea of guilty to all five counts. (Doc. 10 at 3; Doc. 11-1 at 4). On May 8, 2000, Burrell was sentenced to 30 years imprisonment on each count, all to run concurrently[1]. (Doc. 11-1 at 4, 14, 22, 30, 38; Doc 11-2 at 53). Subsequent thereto, on June 8, 2000, Burrell filed a motion seeking to withdraw his

---

[1] The May 8, 2000 court entry for cc-2000-250 reads as follows:

    DEFENDANT BE AND IS HEREBY ADJUDGED GUILTY OF ROBBERY, FIRST DEGREE, FOR WHICH HE WAS INDICTED, AND IS NOW SENTENCED BY THE COURT TO THE STATE PENETENTIARY FOR THE TERM OF 30 YEARS. DEFENDANT IS TO BE GIVEN CREDIT FOR *8 Months and 5 days* [handwritten] TIME SPENT IN JAIL.

    SUSPENSION OF THE SENTENCE IS FURTHER CONDITIONED ON DEFENDANT PAYING $50.00 VCA AND COSTS OF COURT.

    DEFENDANT'S ATTORNEY JOHN WHITE IN COURT.

    *JAMES C. WOODS* [handwritten]

(Doc. 11-2 at 3). The entries for cc-2000-251, 252, and 253 are substantially similar except for the addition of handwritten language providing that the sentences were to run concurrently. (Id. at 4, 5, 6).

guilty plea, wherein he expressed dissatisfaction with the sentence imposed by the trial court. (Doc. 11-2 at 53). The trial court denied Burrell's motion as untimely. (Doc. 10 at 3). On June 21, 2000, Burrell filed a notice of appeal with the Alabama Court of Criminal Appeals. (Doc. 11-1 at 4). It was denied as untimely on June 30, 2000. (Doc. 11-5 at 2).

On May 3, 2001, Burrell filed his first Rule 32 petition challenging his conviction based on newly discovered evidence. (Doc. 11-5 at 3). After an evidentiary hearing, the trial court denied Burrell's petition on September 28, 2001. (Id.). On April 30, 2002, Burrell filed his second Rule 32 petition alleging the trial court was without jurisdiction to impose a sentence because his indictment was void. He also claimed that newly discovered evidence supported his innocence. (Id.). On June 27, 2002, the court denied his petition on the merits, without a hearing. (Id.). On September 20, 2002, the Alabama Court of Criminal Appeals, in a memorandum opinion, affirmed the denial of Burrell's second Rule 32 petition. (Id.). His petition for rehearing was overruled and a certificate of judgment was issued on October 29, 2002. (Doc. 11-6). On November 14, 2002, the Alabama Supreme Court dismissed his appeal as untimely. (Doc. 11-7).

Burrell filed a third Rule 32 petition on November 8, 2005. (Doc. 11-8). The petition was denied by the trial court, and

the Alabama Court of Criminal Appeals affirmed the denial of the petition on May 19, 2006. (Doc. 11-8). The Alabama Supreme Court denied certiorari review and issued judgment on September 15, 2006. (Docs. 11-8, 11-9).

On May 7, 2009, Burrell filed a Motion to Interpret the clause "suspension of sentence is further conditioned on defendant paying $50.00 VCA and costs of court." (Doc. 11-3 at 49). The trial court denied Burrell's motion on June 4, 2009. (Id.). Burrell filed a fourth Rule 32 petition on March 8, 2011. (Doc. 11-10 at 3). In the petition, Burrell asserted that the trial court was without jurisdiction to accept his plea agreement and render judgment because the 30 year sentence imposed upon him was illegal since it was subject to suspension; thus, he should be allowed to withdraw his guilty plea. (Id.) He also asserted that suspension of the sentence was likewise illegal because he is indigent, and the suspension was conditioned on his ability to pay fines and court costs. (Id.).

In an order dated September 15, 2011, the trial court denied Burrell's fourth Rule 32 petition. (Doc. 11-3 at 48-52). The trial court held that Burrell's fourth petition was precluded because it was a successive petition. (Id. at 49). The trial court also found that Burrell's petition failed to state a claim upon which relief could be granted because the "further conditioned" language in the court case summary was a

4

"clerical error" in the record. Additionally, the trial court observed that it was the same court that sentenced Burrell and that it was the Court's intent to sentence Burrell to 30 years on each of the robbery -- first degree counts, with the sentences to run concurrently with one another. (Id.)  Thus, the court corrected the record nunc pro tunc to read as follows:

> "Defendant be and is hereby adjudged guilty of Robbery in the First Degree, for which he was indicted, and is now sentenced by the court to the State of Alabama Penitentiary for the term of thirty (30) years. Sentences in cases CC2000-250, 251, 252, 253 and 254 shall run concurrent.  Defendant is to be given credit for eight months and five days, time spent in jail. Defendant's attorney John White in Court."

(Id. at 50.)

On appeal to the Alabama Court of Criminal Appeals, the appeals court affirmed the trial court's denial on June 22, 2012. (Doc. 11-10). In rejecting Burrell's claim that the trial court was without jurisdiction to correct its May 8, 2000 order, the appeals court observed as follows:

> The changes made in this amended sentencing order did nothing more than clarify Burrell's sentence.  The changes involved no judicial discretion and did not result in the trial court's rendering of a different judgment from that imposed at the original sentencing hearing.  Instead, the changes reflect an effort by the trial court to correct a clerical mistake in its initial sentencing statement on the case action summaries, as authorized by Rule 29, Ala. R. Crim. P.

(Id. at 6).  The Alabama Supreme Court denied certiorari review and issued judgment on September 7, 2012. (Doc. 11-11).

5

On April 23, 2013[2], Burrell filed the instant habeas petition challenging his conviction and sentence. (Doc. 1 at 20). Burrell asserts that his due process and 14th amendment rights were violated because his original sentence provided for the suspension of his sentence upon the payment of costs and fines, and that after his family paid the accessed costs and fines, the trial court substantively changed his sentence by removing the "suspended sentence" language.  Burrell contends that the trial court issued the "functional equivalent" of a new sentence when it vacated the fees and costs from his sentence.  Burrell also asserts that the trial court unreasonably applied "clearly established" federal law as determined by the Supreme Court, and based its decision on an unreasonable determination of the facts. (Id.) In its response, the Respondent argues that Burrell's petition should be dismissed as untimely because it was filed well outside of the statute of limitations. (Doc. 9 at 8).  The undersigned agrees.

**II. ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

within one year of the "conclusion of direct review or the expiration of the time for seeking such review."[3]  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[3] Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003). Since Burrell filed this petition on April 23, 2013, this action is governed by AEDPA.

>    toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Burrell has not alleged that the government impeded the filing of his 2254 motion or that a retroactive new constitutional right exists in his case. Accordingly, the timeliness of Burrell's petition must be calculated from the date that his conviction became final. While Burrell was sentenced in 2000, he contends that the trial court's September 15, 2011 nunc pro tunc order constituted a new sentencing order and thereby restarted the limitations clock. The Court finds otherwise.

Extant case law provides that when a petitioner is resentenced and an amended judgment is entered, the AEDPA's one-year limitations period begins to run when the amended judgment becomes final. See e.g. Burton v. Stewart, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L.Ed. 628 (2007)(federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . ."); Ferreira v. Sec'y Dep't Corr., 494 F.3d 1286, 1293 (11th Cir. 2007)("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final

because judgment is based on both the conviction and the sentence.").

Notwithstanding Burrell's assertions to the contrary, he was not resentenced by virtue of the trial court's September 15, 2011 nunc pro tunc order. The nunc pro tunc order was entered to correct a clerical error in the original judgment. Courts addressing this issue have held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew. See Byrd v. Riverbend, 2016 U.S. App. LEXIS 7188 (11th Cir. 2016); Patterson v. Florida Department of Corrections, 812 F. 3d 885 (11th Cir. 2016); United States v. Portillo, 363 F. 3d 1161, 1165 (11th Cir. 2004)(In a § 2255 action, the court held that the correction of a clerical error that is "minor and mechanical in nature" in a sentence under Federal Rule of Criminal Procedure 36 does not result in the entry of a new criminal "judgment' under Federal Rule of Appellate Procedure 4(b)(1)(A)); Young v. Tucker, 2012 U.S. Dist. LEXIS 64308 (N.D. Fla., Mar. 20, 2012)(collecting cases).

In Byrd, the Eleventh Circuit rejected the petitioner's assertion that the trial court's amended order restarted the limitations period. The Court noted that:

> Under Georgia law, a sentencing court retains the inherent power to, at any time, correct clerical errors in a written sentence to reflect the court's

9

> intent at the time the sentence was imposed. Griggs v. State, 314 Ga. App. 158, 723 S.E.2d 480, 481 (Ga. Ct. App. 2012). This type of correction does not constitute a modification of the sentence, because it simply perfects the record. Taylor v. State, 157 Ga. App. 212, 276 S.E.2d 691, 692 (Ga. Ct. App. 1981).

See Byrd v. Riverbend, 2016 U.S. App. LEXIS 7188 at *3. The court held that the trial court's amended order which substituted the word "consecutive" for "concurrent" was "akin to the correction of a clerical error to reflect the court's original intent that related back to the original sentence." Id. at 4. The Court thus concluded that the amended order did not restart the limitations period. Id.; See also Rojas v. United States, 2011 U.S. Dist. LEXIS 41700 (S.D. Fla. Mar. 21, 2011)(entry of amended judgment to correct clerical error, i.e., incorrect "USM number," did not restart §2255 limitations period) *Report and Recommendation adopted* by 2011 U.S. Dist. LEXISS 41631); Mathews v. Sec'y, 2009 U.S. Dist. LEXIS 122625 (M.D. Fla. Dec. 21, 2009)(change in written sentence to correct omission of oral pronouncement that Petitioner was sentenced as habitual felony offender did not restart AEDPA's one-year limitation period.); Young v. Tucker, 2012 U.S. Dist. LEXIS 64308 at *8 (N.D. Fla. Mar. 20, 2012)(noting that correction of scrivener's error on petitioner's judgment and sentence did not restart one-year AEDPA limitations period, and explaining: "[t]he change in the written judgment was merely clerical-it

10

only corrected what was essentially a scrivener's error, that is, an incorrect notation that Count Two was a first degree felony instead of a life felony. Petitioner's sentence remained unchanged".); Bishop v. Sec'y, Fla. Dep't of Corr., 2013 U.S. Dist. LEXIS 147433 (N.D. Fla. Oct. 11, 2013)(concluding that corrected judgment "was simply a re-recorded version of the 2006 original judgment after the clerk corrected the scrivener's error" and "was not a new intervening judgment. . .").

In this case, Burrell was not resentenced. As noted *supra*, the trial court's nunc pro tunc order dated September 15, 2011 did not announce a new sentence. It instead corrected a clerical error that was entered on the case summary sheet. The nunc pro tunc order was entered by the same judge that originally sentenced Petitioner, and he expressly noted as follows:

> "Petitioner's legal conclusion, whether expressed as an illegal suspension of a legal sentence or an illegal sentence, is not supported by the facts within the record. The phrase "suspension of sentence is further conditioned" implies that the sentence petitioner received was suspended. The record does not support this conclusion; rather the record supports the conclusion that Petitioner received thirty-year sentences on each charge, and that those sentences ran concurrently. The "further conditioned" language is a clerical error in the record. Nowhere else does the record suggest that the thirty-year sentences were at any time suspended on the condition that Petitioner pay the VCA and court costs, or that Petitioner received split sentences... This Court did not intend to suspend those sentences on any grounds, including those that Petitioner now alleges. Based on the age of this case, the transcript of the sentencing

11

> hearing is no longer available. . .the undersigned judge as the sentencing judge has reviewed the record. This Court's intent was to sentence Petitioner to thirty (30) years on each count of Robbery in the First Degree, with the sentences to run concurrently with one another."

(Doc; 11-3 at 50-51).  Further, on appeal, the Alabama Court of Appeals determined that the trial court's nunc pro tunc order did nothing more than clarify Burrell's original sentence, and as such, it was authorized by Rule 29, Ala. Crim. P. (Doc. 11-10).

Based upon the record before the Court, the undersigned finds that the nunc pro tunc order entered on September 15, 2011 did not impose a new sentence that was *substantively* different than the one originally imposed. Instead, the original sentencing court made clear that the nunc pro tunc order corrected what was essentially a scrivener's error by eliminating the phrase "suspension of sentence is further conditioned". The phase was erroneously included in the original order as it was never the court's intent. Indeed, while Burrell now contends that his original sentence included a suspension of sentence provision, the state courts noted that in his first couple of Rule 32 petitions filed with the courts, Burrell demonstrated a clear understanding that he was sentenced to 30 years on each of the robbery convictions, and that said sentences were to be served concurrently. Accordingly, the nunc

12

pro tunc order entered on September 15, 2011 did not restart the one-year limitations period anew.

Burrell has not alleged that the government impeded the filing of his federal habeas petition or that a retroactive new constitutional right exists in this case; thus, the AEDPA one-year limitations period commenced from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that Burrell attempted to file a direct appeal; however, it was dismissed as untimely (see doc. 11-5 at 2); thus, it had no tolling effect. See 28 U.S.C. § 2244(d)(2) (the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection); See also In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).

By the time Burrell filed his first Rule 32 petition on May 3, 2001, approximately 345 days had elapsed in the limitations period. The record reflects that the trial court denied the first petition on September 28, 2001; however, it does not reflect that Burrell appealed the trial court's denial of the first Rule 32 petition. He did not file the second Rule 32 petition until nearly seven months later, on April 30, 2002.

The limitations period had clearly expired by that point, thus, the second petition had no tolling effect.

Even *assuming arguendo* that the second Rule 32 petition somehow tolled the one year limitations period, the Alabama Court of Criminal Appeals affirmed the denial of Burrell's second Rule 32 petition as well as his application for rehearing. The Alabama Court of Criminal Appeals then issued a certificate judgment on October 29, 2002, and the Alabama Supreme Court denied Burrell's petition for review on November 14, 2002. (Docs. 11-6, 11-7). Burrell did not file his federal habeas petition with this Court until April 23, 2013, many years after expiration of the ADEPA statute of limitations.

The fact that Burrell filed two additional Rule 32 petitions, in 2005 and 2011, is of no moment because the limitations period had clearly expired by the time those petitions were filed; thus, they had no tolling effect. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining

14

within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Accordingly, Burrell's federal habeas petition is untimely.

Before recommending dismissal of Burrell' petition for habeas relief as untimely, the undersigned must determine whether Burrell has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Burrell can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of

15

a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").

Moreover, as a general rule, "the 'extraordinary circumstances' standard applied in [the Eleventh] [C]ircuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corrections, 259 F.3d 1310, 1314-1315 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002) overruled in part as stated by Sykosky v. Crosby, 187 Fed. App'x 953, 958 (11th Cir. 2006). In this case, Burrell has neither argued that he is entitled to equitable tolling nor asserted any facts that might give rise to the application of equitable tolling. Accordingly, the petition is due to be dismissed as time barred[4].

**III. Certificate of Appealability is denied.**

---

[4] Because Burrell's petition is untimely, the court need not determine whether the claims within it are procedurally defaulted, although it appears that Burrell did not present any federal claims to the state courts; thus, those claims would be procedurally defaulted under O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that any claim for relief made pursuant to § 2254 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or

17

that the petitioner should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are time-barred and he has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[5]

---

[5] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual

**III.   Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Burrell's petition for habeas corpus be dismissed with prejudice as time barred and that judgment be entered in favor of the Respondent, Cheryl Price, and against the Petitioner, Reginald Burrell.  It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(a)(2)(R). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

---

allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

19

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **June, 2016.**

                 /s/ SONJA F. BIVINS
                **UNITED STATES MAGISTRATE JUDGE**